UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELBY KRUSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>AUDIT & ADJUSTMENT COMPANY, INC. d/b/a EVERGREEN BILLING SPECIALISTS,<br><br>Defendant(s). | CASE NO. 2:17-cv-1199<br><br>COMPLAINT—CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff SHELBY KRUSE (hereinafter, "Plaintiff"), a Washington resident, brings this class action complaint by and through her undersigned counsel, against Defendant AUDIT & ADJUSTMENT COMPANY, INC., and EVERGREEN BILLING SPECIALISTS (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

COMPLAINT—CLASS ACTION – 1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Washington consumers seeking redress for Defendant's actions of using false, deceptive, and misleading representation or means in connection with the collection of an alleged debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Seattle, Washington, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, AUDIT & ADJUSTMENT COMPANY, INC. is a corporation incorporated in the State of Washington, specializing in debt collection, with its principal place of business located at 20700 44th Ave W # 100, Lynnwood, WA 98036.

8. Defendant, EVERGREEN BILLING SPECIALISTS is a collection agency with its principal place of business located at 20700 44th Ave W # 100, Lynnwood, WA 98036.

9. Upon information and belief, EVERGREEN BILLING SPECIALISTS is merely one department within AUDIT & ADJUSTMENT COMPANY, INC., and is a registered d/b/a of that entity.

10. Upon information and belief, Defendants are companies that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendants are "debt collectors," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

- Class A: The Class consists of: (a) all individuals with addresses in the state of Washington (b) to whom Defendant Evergreen Billing Specialists (c) sent a collection letter in an attempt to collect a medical debt (d) which states that "This Letter is to notify you that XXXXX has contracted Evergreen Billing Specialists to send you a final notice on your account before sending it to an outside collection agency" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

- Class B: The Class consists of: (a) all individuals with addresses in the state of Washington (b) to whom Defendant Evergreen Billing Specialists (c) sent a collection letter in an attempt to collect a medical debt (d) which falsely states that "Your account has not been disputed with any credit reporting agency" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A,*** violate 15 U.S.C. §§ 1692e.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

23. Upon information and belief, within the last year the Defendant began a collection campaign against the Plaintiff in an attempt to collect an alleged "debt" as defined by 15 U.S.C. 1692a(5).

24. Sometime prior to June 1, 2016, an obligation arising from the provision of medical care and lab testing was allegedly incurred to CellNetix Pathology (CellNetix).

25. The alleged CellNetix obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The alleged CellNetix obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. CellNetix is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. CellNetix or the subsequent owner of the CellNetix debt contracted the Defendant to collect the alleged debt.

29. On or about June 1, 2016, the Defendant Audit & Adjustment Company, Inc. reported this alleged debt on the Plaintiff's credit report.

30. On or about April 18, 2017, the Plaintiff received a collection letter from Defendant Evergreen Billing Specialists, which was dated April 14, 2017.  *See,* **Exhibit A.**

31. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

32. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33. The April 14, 2017 Letter to the Plaintiff stated in part:

> "This Letter is to notify you that CellNetix Pathology has contracted Evergreen Billing Specialists to send you a final notice on your account before sending it to an outside collection agency.  Your account has not been reported to any credit reporting agency. The balance of this account is due."

34. The April 14, 2017 Letter further threatened:

> "If Evergreen Billing Specialists has not received your payment within 25 days from the date of this letter, your account will be assigned to AUDIT & ADJUSTMENT COMPANY for collection."

35. In the context of this Collection Letter, Defendant's statement - that a) it has been contracted to send a final notice before an outside collection agency would get involved;

and b) if Plaintiff did not make payment within twenty-five days, Plaintiff's account would be assigned to Audit & Adjustment Company -  can be read in two or more ways (either an outside collection agency was not already involved, that Audit & Adjustment Company was an outside collection agency but that Evergreen Billing Specialists was not, or that there would be any change to the status of Plaintiff's account after the expiration of the arbitrary 25 day deadline), one of which is inaccurate.

36. Upon information and belief, Plaintiff's account was <u>already</u> with an outside collection agency as of April 14, 2017.

37. Defendant's collection letter was further abjectly false because the Plaintiff's debt had <u>already</u> been reported to the credit reporting agencies as of June of 2016, nearly a year before this April 2017 letter was mailed by Defendant.

38. Defendant's collection letter thus contained a thinly veiled threat that the Plaintiff's debt was not yet reported to a credit reporting agency, but would be once an outside collection agency was involved, all in an attempt to pressure the Plaintiff into paying this debt.

39. Nowhere in the Defendants' Letter did the Defendants disclose that Evergreen Billing Specialists was in any way affiliated with Audit & Adjustment Company, creating the false impression that Audit & Adjustment Company was a (thus-far-uninvolved) outside collection agency, while Evergreen Billing Specialists was not.

40. The least sophisticated consumer in receipt of this Letter would reasonably conclude that (1) Evergreen Billing Specialists was not an outside collection agency, (2) that Audit & Adjustment Company was an 'outside' collection agency not yet involved in the collection of Plaintiff's debt, (3) that her debt has not yet been reported to a credit reporting agency, and that (4) the status of her account would somehow change upon the expiration of the

25-day deadline set forth in the collection letter. However, all these assumptions would be false.

41. As stated on Defendant's website "Audit & Adjustment Company is a Washington based debt collection agency founded in 1996."[1]

42. As further reflected on Defendant's website,

> Evergreen Billing Specialists (EBS) was designed to reduce billing costs and administrative overhead by outsourcing outstanding receivables prior to bad debt placement……
> EBS Representatives will act as an extension of your billing office, field all incoming calls, establish and monitor payments plans, process payments, mail the billing notices and respond to account inquires.
> The accounts will be placed in a separate database and their credit will not be affected should payment be made within a pre determined time frame. Accounts that have not established payment arrangements will be automatically transferred to our collection database for further collection action.[2]

43. As Defendant's website makes clear, Defendant Evergreen Billing Specialist is merely one arm of Audit & Adjustment Company, an admitted debt collector. In trying to collect from consumers, Defendants try one arm of their collection practice, and then threaten to switch to a collection agency, which is merely another, undisclosed, arm of the exact same practice.

44. Thus, as of April 14, 2017, there was already an outside collection agency involved in the collection of Plaintiff's debt. Furthermore, Audit & Adjustment Company was clearly previously involved in the collection of Plaintiff's debt, having reported the Plaintiff's debt in June of 2016.

45. Finally, the Plaintiff's debt was already being reported – by the Defendants themselves – well before the April 2017 Letter, which explicitly stated the debt had not been reported.

---

[1] *See,* http://www.audit-adjustment.com/, *last visited on June 27, 2017.*
[2] *See,* http://www.audit-adjustment.com/evergreen-billing-specialists, *last visited on June 27, 2017*

COMPLAINT—CLASS ACTION – 9

46. As such, the above statements in the Collection Letter are false, deceptive and misleading.

47. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. By making a series of false, deceptive and misleading statements, the Defendant violated various provisions of the FDCPA and harmed the Plaintiff.

49. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq*.

50. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

51. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. The Defendants violated said section in its letter to the Plaintiff by:

- falsely representing the legal status of the alleged debt in violation of 1692e(2)(A);
- making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's counsel, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 8, 2017                           By: s/Ryan Pesicka

Ryan Pesicka, WSBA 48182
CONCORD LAW, PC.
144 Railroad Avenue, Suite 236
Edmonds, Washington 98020
(206) 512-8029 telephone
(206) 512-8914 facsimile
ryan@condordlawseattle.com
*Attorney for Plaintiff Shelby Kruse*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so trial.

Dated: Augusut 8, 2017              By: s/Ryan Pesicka
                                    Ryan Pesicka, WSBA 48182

COMPLAINT—CLASS ACTION – 12

CONCORD LAW, P.C.
144 Railroad Ave., Ste. 236
Edmonds, WA 98020
(206) 512-8029